**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| VINCE GOODWINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1910 |
| | § | |
| SODEXO, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the court is a motion to partially dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) filed by Sodexo Remote Sites Partnership ("Sodexo"). Dkt. 17. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

This is a race and disability discrimination and retaliation lawsuit. Dkt. 10. Plaintiff Vince Goodwine, an African American male, worked for Sodexo as the head of human resources from 2008 through April or May of 2010. *Id.* In April 2010, Goodwine asked for a medical leave of absence due to work-related stress. *Id.* When Goodwine returned from his medical leave, he allegedly was called into a meeting and informed that allegations had been made against him by a newly hired female human resource department assistant. *Id.* Goodwine's employment was suspended immediately and eventually terminated. *Id.* Goodwine contends that the same female human resource department assistant made similar allegations against another male employee and that Sodexo did not terminate that male employee's employment. *Id.*

Goodwine filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2010. Dkt. 20, Ex. A.  In the box on the charge asking what the alleged discrimination was based on, Goodwine checked "race" and "disability."  *Id.*  He did not check "retaliation."  *Id.*  Goodwine's charge states that Goodwine requested a medical leave of absence in March 2010, that he "was called into a meeting and advised of allegations that were made against me by the Human Resources department assistant" when he returned from his medical leave of absence, that these "allegations were false," but that he was nevertheless suspended and eventually terminated without a proper investigation of the allegations.  *Id.*  The charge notes that Goodwine believed that he was "discriminated against due to a disability as defined by the Americans with Disabilities Act of 1990, as amended," and that he believed he "was discriminated against due to [his] race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended."  *Id.*

Goodwine alleges that he received a right-to-sue letter from the EEOC and filed this lawsuit within 90 days of receipt of the right-to-sue letter.  *Id.*  In this lawsuit, Goodwine alleges that Sodexo discriminated and retaliated against him because of his race and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended, and for engaging in protected activity by requesting an accommodation in the form of medical leave. *Id.*  Sodexo filed a motion to partially dismiss, arguing that Goodwine failed to exhaust his administrative remedies as to the retaliation claim, which is not mentioned in Goodwine's EEOC charge. Dkt. 17-1.  Goodwine contends, however, that his EEOC charge sufficiently notified the EEOC that Sodexo retaliated against him for requesting a reasonable accommodation for his disability or perceived disability, and the fact that he failed to check the "retaliation" box is inconsequential.  Dkt. 20.  Sodexo argues, on the other hand, that the charge was neither an express

or implied charge of retaliation and that Goodwine therefore did not exhaust his administrative remedies on the retaliation claim.  Dkt. 22.

## II. LEGAL STANDARD

Sodexo moves for dismissal under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).  Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 127 S.Ct. 1955 (2007).

Motions to dismiss brought under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) are subject to the same standard of review.  *Benton v. Unites States*, 960 F.2d 19, 21 (5th Cir. 1992).  However, the party with the burden of proof differs.  The movant bears the burden of proof on a 12(b)(6) motion, whereas the party asserting subject matter jurisdiction bears the burden on a 12(b)(1) motion.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## III. ANALYSIS

Plaintiffs alleging employment discrimination claims must exhaust administrative remedies before pursuing their claims in federal court.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  Under Title VII of the Civil Rights Act of 1964, plaintiffs have ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC.  *Id.* at 379 (citing *Nilsen v. City of*

*Moss Point, Miss.*, 674 F. 2d 379, 381 (5th Cir. 1982)).  "Although filing an EEOC charge is not a

jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.*

"The primary purpose of an EEOC charge is to provide notice of the charges to the

respondent and to activate the voluntary compliance and conciliation functions of the EEOC." *Ajaz*

*v. Continental Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citations omitted).  "The charge

triggers an investigation by the EEOC so, through a conciliation process, voluntary compliance may

be obtained and discriminatory policies and practices eliminated." *Id.*  Thus, the "scope of a Title

VII suit extends 'as far as, but no further than, the scope of the EEOC investigation could reasonably

grow out of the administrative charge.'" *Id.* (quoting *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d

1112, 1123 (5th Cir. 1981), *vacated on other grounds*).  It is not required "that a Title-VII plaintiff

check a certain box or recite a specific incantation to exhaust his or her administrative remedies

before the proper agency"; rather, "the plaintiff's administrative charge will be read somewhat

broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to

trigger." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006).  "[C]onsistent with the remedial

purposes of the [Americans with Disabilities Act], a charge of employment discrimination must be

construed with the 'utmost liberality.'" *Price v. Sw. Bell Tel. Co.* , 687 F.2d 74, 78 (5th Cir. 1982)

(citing *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981)).

Here, the court finds that, reading Goodwine's charge broadly, it could reasonably have been

expected to trigger an investigation into whether Goodwine's termination was the result of retaliation

for taking medical leave.[1]  The charge notes that Goodwine advised his employer of his medical

---

[1] The court may consider the EEOC charge even though it is outside of the pleadings because
the defendant attached it to its motion, the charge was referred to in the complaint, and it is a central
part of Goodwine's claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th

condition and requested a medical leave of absence, which he received. Dkt. 20.  Then, he

referenced his medical leave of absence and termination in paragraph II of the charge.  *Id.*  Paragraph

II states, in its entirety:

> When I returned from my medical leave of absence, I was called into
> a meeting and advised of allegations that were made against me by
> the Human Resources department assistant.  The allegations were
> false and could easily be discredited however the allegations made
> against me were not properly investigated.  I was suspended and
> eventually terminated.  To my knowledge, the same employee made
> similar allegations against another employee however he was not
> suspended and continues to work.

Dkt. 20, Ex. A.  While Goodwine does not specifically state that he was terminated because he

requested and took a medical leave of absence, it is easily inferred that Goodwine believed his recent

return from medical leave played a part in his termination.  Because this charge would could

reasonably be expected to trigger an investigation into potential retaliatory motives for the

termination, the court finds that Goodwine has plausibly stated a claim for which relief can be

granted with regard to exhausting his administrative remedies for the retaliation claim.  Sodexo's

motion to partially dismiss this claim is therefor DENIED.

### IV. Conclusion

Sodexo's motion to partially dismiss Goodwine's retaliation claim is DENIED.

Signed at Houston, Texas on December 5, 2012.

_____
Gray H. Miller
United States District Judge

---

Cir. 2000).